1  MUNGER, TOLLES & OLSON LLP
   Marc T.G. Dworsky (SB# 157413)
2    James C. Rutten (SB# 201791)
   Eric P. Tuttle (SB# 248440)
3  355 South Grand Avenue, 35th Floor
Los Angeles, California  90071-1560
4  (213) 683-9100; (213) 687-3702 (fax)
marc.dworsky@mto.com, james.rutten@mto.com
5  eric.tuttle@mto.com

6  Attorneys for Defendants WELLS FARGO BANK, N.A.
(successor by merger to WACHOVIA BANK, N.A.) and
7  METROPOLITAN WEST SECURITIES LLC

8

9

10                 UNITED STATES DISTRICT COURT

11     NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

12

13

14  STATE COMPENSATION INSURANCE FUND,

CASE NO. CV 09-02959 JSW (EDL)

15            Plaintiff,

**STIPULATION AND [PROPOSED] ORDER AMENDING CONFIDENTIALITY PROTECTIVE ORDER**

16       vs.

17  METROPOLITAN WEST SECURITIES LLC; WACHOVIA BANK, N.A.; DOES 1
18  through 10, inclusive; and DOES 11 through 20, inclusive,

19          Defendants.

20

21

22

23

24

25

26

27

28

CASE NO. CV 09-2959 JSW (EDL)
STIPULATION AND ORDER AMENDING CONFIDENTIALITY PROTECTIVE ORDER

1    WHEREAS the parties submitted a Stipulated Confidentiality Protective Order on

2    October 2, 2009 (Dkt. 25);

3    WHEREAS the Court signed and entered the Stipulated Confidentiality Protective Order

4    on October 6, 2009 (Dkt. 26) (the "Confidentiality Order");

5    WHEREAS paragraph 7.2(d) of the Confidentiality Order expressly provides that a

6    Receiving Party may disclose Confidential Information to certain Experts, as these terms are

7    defined in the Confidentiality Order;

8    WHEREAS paragraph 7.3 of the Confidentiality Order does not expressly provide that a

9    Receiving Party may disclose Highly Confidential – Attorneys' Eyes Only Information to its

10   Experts;

11   WHEREAS the omission of Experts in the parties' stipulated submission from the list of

12   persons to whom Highly Confidential – Attorneys' Eyes Only Information may be disclosed was

13   inadvertent, and the parties desire that such Highly Confidential – Attorneys' Eyes Only

14   Information may be disclosed to Experts on the same terms that Confidential Information may be

15   disclosed to Experts;

16   NOW THEREFORE, IT IS HEREBY STIPULATED BY AND AMONG THE PARTIES

17   HERETO AND THEIR COUNSEL OF RECORD, SUBJECT TO THE COURT'S APPROVAL,

18   AS FOLLOWS:

19   Paragraph 7.3 of the Confidentiality Order is amended by striking the current paragraph

20   7.3, and replacing it with a new paragraph 7.3 as follows (with new text in bold):

21

22   7.3 <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES</u>

23   <u>ONLY" Information or Items</u>.  Unless otherwise ordered by the Court or permitted in

24   writing by the Designating Party, a Receiving Party may disclose any information or item

25   designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

26   (a) the Receiving Party's Outside Counsel of record in this action,

27   as well as employees of said Counsel;

28

1          (b) House Counsel with principal responsibility for overseeing this

2 action;

3         **(c) Experts (as defined in this Order) of the Receiving Party to**

4 **whom disclosure is reasonably necessary for this litigation and who have signed the**

5 **"Agreement to Be Bound by Protective Order" (Exhibit A);**

6         (d) the Court and its personnel;

7         (e) court reporters, their staffs, and Professional Vendors to whom

8 disclosure is reasonably necessary for this litigation and who have signed the

9 "Agreement to Be Bound by Protective Order" (Exhibit A);

10         (f) during or in preparation for their deposition or other testimony,

11 witnesses in the action to whom disclosure is reasonably necessary.  Such witnesses shall

12 not be permitted to retain copies unless they have signed the "Agreement to Be Bound by

13 Protective Order" (Exhibit A).  Pages of transcribed deposition testimony or exhibits to

14 depositions that reveal Protected Material must be separately bound by the court reporter

15 and may not be disclosed to anyone except as permitted under this Stipulated Protective

16 Order.; and

17         (g) the author of the document or the original source of the

18 information.

19

20 The Confidentiality Order shall otherwise remain in effect.

21 IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

22

23 Date:  March 2, 2011         MUNGER, TOLLES & OLSON LLP

24

25         By:    /s/ Eric P. Tuttle
                    Eric P. Tuttle

26         Attorneys for Defendants WELLS FARGO

27         BANK, N.A. (successor by merger to
        WACHOVIA BANK, N.A.) and

28         METROPOLITAN WEST SECURITIES LLC

Date:  March 2, 2011

BARGER & WOLEN LLP

By:  ___/s/ Travis R. Wall_____
                 Travis R. Wall

Attorneys for Plaintiff STATE
COMPENSATION INSURANCE FUND

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: _March 2, 2011_____   _____
                                The Honorable Jeffrey S. White
                                United States District Court Judge