| | |
|---|---|
| 1 | MUNGER, TOLLES & OLSON LLP |
|   |   Marc T.G. Dworsky (SB# 157413) |
| 2 |   James C. Rutten (SB# 201791) |
|   |   Eric P. Tuttle (SB# 248440) |
| 3 | 355 South Grand Avenue, 35th Floor |
|   | Los Angeles, California 90071-1560 |
| 4 | (213) 683-9100; (213) 687-3702 (fax) |
|   | marc.dworsky@mto.com |
| 5 | james.rutten@mto.com |
|   | eric.tuttle@mto.com |
| 6 | |
| 7 | Attorneys for WELLS FARGO BANK, N.A. (successor by merger to Defendant WACHOVIA BANK, N.A.) and METROPOLITAN WEST SECURITIES LLC |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| STATE COMPENSATION INSURANCE FUND,<br><br>          Plaintiff,<br><br>  vs.<br><br>METROPOLITAN WEST SECURITIES LLC; WACHOVIA BANK, N.A.; DOES 1 through 10, inclusive; and DOES 11 through 20, inclusive,<br><br>          Defendants. | CASE NO. CV 09-02959 JSW (EDL)<br><br>**STIPULATED [PROPOSED] ORDER ON DEFENDANTS' RENEWED MOTION TO COMPEL RULE 30(B)(6) DEPOSITION**<br><br>Date: November 8, 2011<br>Time: 9:00 a.m.<br>Courtroom: E<br>Judge: Honorable Elizabeth D. Laporte |

("[PROPOSED]" shown struck through in the title)

15656660.1      CASE NO. CV 09-2959 JSW (EDL)

STIPULATED [PROPOSED] ORDER RE RENEWED MOTION TO COMPEL RULE 30(B)(6) DEPO.

On November 8, 2011 at 9:00 a.m., Defendants' Renewed Motion to Compel Rule 30(b)(6) Deposition Testimony Pursuant to the Court's July 18, 2011 Order ("Motion") came on for hearing in Courtroom E of the above-captioned Court, the Honorable Elizabeth D. Laporte presiding. The Court directed the parties at that time to have a further discussion regarding the issues raised in the Motion. The parties thereafter reached the following stipulations in full resolution of the Motion, which the Court now orders:

(1) Plaintiff shall continue its investigation into whether custodian Steve Kolakowski had a "P drive" during the time he worked for Plaintiff, and if so, the whereabouts of the data contained thereon. Once Plaintiff concludes this investigation, Plaintiff shall provide a supplemental declaration to Defendants concerning the results of the investigation.

(2) Plaintiff shall confer with the following current or former employees concerning their e-mail deletion practices, including the frequency with which they deleted e-mails: Maribel Aleman, Stephanie Chan, Leslie Dawe, Steve Kolakowski, Amelia Ma, Maria Quintanilla, and Liberty Viray. Plaintiff shall report to Defendants what Plaintiff learns about these employees' practices in this regard.

(3) After Defendants receive the information referenced in paragraph (2) above, Defendants may identify one date from which they would like backup tapes of Mr. Kolakowski's electronic data to be restored, and one date from which they would like backup tapes of Ms. Ma's e-mail data to be restored. Plaintiff shall restore backup tapes for Mr. Kolakowski and Ms. Ma on the designated dates (to the extent full backups were made on the designated dates, and if they were not, then Plaintiff shall used the nearest subsequent dates on which full backups were made).

(4) After Defendants receive the information referenced in paragraph (2) above, Defendants also may identify dates from which they would like backup tapes of the e-mail data of Ms. Aleman, Ms. Chan, Ms. Dawe, Ms. Quintanilla, and Ms. Viray to be restored. Plaintiffs have agreed to provide the information without

15656660.1     1     CASE NO. CV 09-2959 JSW (EDL)

STIPULATED [PROPOSED] ORDER RE RENEWED MOTION TO COMPEL RULE 30(B)(6) DEPO.

agreeing or conceding any additional restoration from backup tapes for these custodians is warranted.  Should Defendant make such a request, the parties shall have a further discussion about the appropriateness of any such requested restorations, and if they cannot reach agreement, either side may apply to the Court to resolve the issue.

(5) The foregoing fully resolves the Motion.  If a new issue arises from the process ordered above that Defendants believe warrants additional information from Plaintiff, the parties shall meet and confer in an effort to resolve the issue.  If the parties cannot reach agreement, Defendants may apply to the Court for a Rule 30(b)(6) deposition with respect to that issue, and/or for other appropriate relief.

Date:  November 14, 2011

MUNGER, TOLLES & OLSON LLP

By:    /s/ *James C. Rutten*
          James C. Rutten

Attorneys for WELLS FARGO BANK, N.A. (successor by merger to Defendant WACHOVIA BANK, N.A.) and Defendant METROPOLITAN WEST SECURITIES LLC

Date:  November 14, 2011

BARGER & WOLEN LLP

By:    /s/ *J. Russell Stedman*
          J. Russell Stedman

Attorneys for Plaintiff STATE COMPENSATION INSURANCE FUND

\*   \*   \*   \*   \*

PURSUANT TO STIPULATION, IT IS SO ORDERED:

DATED:  November 15, 2011

*[signature: Elizabeth D. Laporte]*
The Honorable Elizabeth D. Laporte
United States Magistrate Judge

**FILER'S ATTESTATION**

I, James C. Rutten, am the ECF user whose ID and password are being used to file this Stipulated [Proposed] Order on Defendants' Renewed Motion to Compel Rule 30(b)(6) Deposition. In compliance with General Order 45, X.B, I hereby attest that the other attorney listed as a signatory above has concurred in this filing.

Date: November 14, 2011        By:    /s/ *James C. Rutten*
                                                      James C. Rutten